Filed 9/3/14  Sylvia P. v. Super. Ct. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| SYLVIA P.,<br><br>           Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF FRESNO COUNTY,<br><br>           Respondent;<br><br>FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>           Real Party in Interest. | F069741<br>(Super. Ct. Nos. 05CEJ300142-1,<br>05CEJ300142-2, 05CEJ300142-3,<br>05CEJ300142-4, 05CEJ300142-5)<br><br><br>**OPINION** |

## THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Brian M. Arax, Judge.

Sylvia P., in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Kane, J. and Franson, J.

Sylvia P. (mother), who is self represented, seeks an extraordinary writ (Cal. Rules of Court, rule 8.452) from a juvenile court order denying her reunification services and setting a Welfare and Institutions Code section 366.26 hearing for her five children. The children range in age from four to nine years old.[1] On review, we conclude mother's petition fails to comport with the procedural requirements of section 366.26, subdivision (*l*) and California Rules of Court, rule 8.452. In particular, she fails to raise any legal issue that this court can review. Accordingly, we will dismiss mother's petition as inadequate.

## PROCEDURAL AND FACTUAL SUMMARY

Mother has substance abuse issues that, for years, have negatively affected her ability to provide regular care for her children and placed them at substantial risk of abuse and neglect. In 2005, a juvenile court removed mother's eldest son from her physical custody on account of her substance abuse problems and ordered reunification services for her. Mother successfully completed her services, which included residential drug treatment, and she regained custody of the child in 2007. However, mother later resumed using drugs. By 2010, mother had five children, all of whom she placed at risk due to her drug abuse. The juvenile court consequently removed the children from her physical custody in 2010 and again ordered reunification services. Mother successfully completed court-ordered residential drug treatment and reunified with the children in 2012.

In 2013, mother admittedly relapsed. As of March 2013, mother was again abusing drugs and seriously neglecting her children. Mother's sixth child, an infant girl, died while in mother's care in March 2013.[2] After the child's death, a sheriff's department investigation uncovered drug paraphernalia, illegal fireworks and an unloaded

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2] An autopsy classified the child's death as sudden unexplained death in infancy.

pellet gun accessible to the children in the family home, as well as a knife in the infant's bassinet and methamphetamine under a mattress in the living room. This was in addition to the deplorable conditions in which the children lived. As a result, Fresno County Department of Social Services (department) detained the children and petitioned the juvenile court to once again exercise its dependency jurisdiction over the children.

Court action on the department's petition was postponed due to a delay in the coroner's autopsy report. In March 2014, the juvenile court exercised its dependency jurisdiction over the children based on proof of mother's abject neglect brought on by her drug abuse (§ 300, subd. (b)).

Following the jurisdictional hearing, the department recommended that the court remove the children from mother's custody and deny her reunification services. According to the department, an order denying mother services was warranted because she had a history of extensive abusive and chronic use of drugs and resisted prior court-ordered treatment for this problem during a three-year period immediately prior to the filing of the dependency petition, which brought the children to the court's attention. (§ 361.5, subd. (b)(13).) The department also reported that providing mother services was not in the children's best interests due to mother's history of substance abuse, her failure to benefit from prior services, her consequent inability to provide her children with stability and continuity, and her poor prognosis for reunification. At best, the children were bonded to mother.

The juvenile court conducted a contested dispositional hearing in July 2014. Mother did not dispute the department's claim that section 361.5, subdivision (b)(13) applied to her. Rather, she claimed it was still in the children's best interests that the court order reunification services.

Mother had entered yet another residential drug treatment program, but not until March 2014, a year after the children's detention. By that point, mother was expecting her seventh child. Since mother entered treatment, she regularly attended weekly

3

supervised visits with the children. Prior to her latest entry into drug treatment, she visited them inconsistently.

It was mother's opinion testimony that the children's removal from her care caused them severe emotional harm. She offered no other evidence, however, to support her claim.

Mother also testified that, despite her repeated relapses, this time would be different because she saw the pain that she put the children through and she knew the children needed her to be sober. She was "ready this time" because she knew how to ask for help. She described herself as a changed person. She believed she should receive services because it was "for the best interests of [her] children."

Following closing arguments, the court removed the children from parental custody and denied mother, as well as the children's fathers, reunification services. With regard to mother, the court found her current efforts were good, but her history did not bode well. The court noted in particular that although she considered the death of her sixth child a wake-up call, mother continued to use and abuse drugs for a year afterwards while her other children were out of her care. The court concluded mother had not proven by clear and convincing evidence that reunification services were in the children's best interests. (§ 361.5, subd. (c).)

The court did continue visitation between mother and the children, for a minimum of two visits a month. The court then set a section 366.26 hearing to select and implement a permanent plan for the children.

## DISCUSSION

The purpose of writ proceedings, such as this, is to facilitate prompt review of a juvenile court's order setting a section 366.26 hearing to select and implement a permanent plan for a dependent child. (Cal. Rules of Court, rule 8.450(a).) A court's decision is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is up to a petitioner to raise specific issues and substantively address them. (§ 366.26, subd. (*l*).) This court will not independently review the record for possible error. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

In her form petition for extraordinary writ, mother check marked the box requesting that the juvenile court be ordered to provide reunification services, order visitation, and return custody to her. However, she makes no specific claim of judicial error. Even if we assume from her requests that mother contends the court should have ordered reunification services for her or returned custody of the children to her, she has failed to explain why the court's decision was erroneous. Regarding her request for a visitation order, she overlooks the fact that the court did order a minimum of two visits a month for her and the children.

Instead, mother attaches to her petition a seven-page declaration with attachments. The declaration is a rambling account of her history and her description of each of her children's needs. Mother also apologizes for her relapses and describes her struggles after her regained custody of the children in 2012. Neither her declaration nor her attachments, however, make a case for judicial error.

Finally, we observe that mother conceded in the juvenile court that the requirements for denying her services due to her drug abuse history and resistance to treatment (§ 361.5, subd. (b)(13)) were met. At most, she argued that services nevertheless were in the children's best interests (§ 361.5, subd. (c)). There was no supporting evidence for mother's argument, however, other than her own testimony. On

the record before us, there is no basis for any claim that the juvenile court abused its discretion by rejecting mother's best interest argument.

## DISPOSITION

The petition for extraordinary writ is dismissed as inadequate. This opinion is immediately final as to this court.